UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | | |
|---|---|---|
| MARK ANDRE RAY, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 1:10-cv-415 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| MARY BERGHUIS, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Respondent. | ) | |
| _____ | ) | |

This is habeas corpus proceeding brought by a state prisoner under 28 U.S.C. § 2254. Petitioner is serving a sentence of 6-to-20 years' imprisonment, imposed by the St. Clair County Circuit Court on August 6, 2007, after a jury convicted petitioner of possession of less than 50 grams of cocaine with intent to deliver, MICH. COMP. LAWS § 333.7401(2)(a)(iv), and possession of less than 50 grams of methamphetamine with intent to deliver, MICH. COMP. LAWS § 333.7401(2)(b)(i). Petitioner challenged his conviction in the state appellate courts on a single ground: ineffective assistance of counsel for failure to challenge petitioner's arrest and search. The Michigan Court of Appeals affirmed the conviction, finding that any challenge to the search and seizure by trial counsel would have been futile. The Michigan Supreme Court denied leave to appeal.

Petitioner filed the present habeas corpus action on April 28, 2010. The *pro se* petition purports to raise four grounds for relief:

A.    Unlawful search and seizure;

    B.  Ineffective assistance of counsel for failing to challenge a search warrant;

    C.  Defective search warrant; and

    D.  Ineffective assistance of trial counsel for failure to suppress the fruits of a search of petitioner's person.

(Petition, ¶ 12, docket # 1). Respondent has filed an answer to the petition, asserting that grounds A and C, which challenge the lawfulness of a search and seizure, are barred by the doctrine of *Stone v. Powell*, 428 U.S. 465 (1976). Respondent further argues that the decision of the Michigan Court of Appeals rejecting petitioner's claims of ineffective assistance of counsel was reasonable and therefore entitled to deference on habeas corpus review.

    District Judge Robert Holmes Bell has referred this matter to me for issuance of a report and recommendation under 28 U.S.C. § 636(b)(1)(B) and Rule 10 of the Rules Governing Habeas Corpus Cases in the District Courts. After review of the record and the submissions of the parties, I conclude that consideration of petitioner's Fourth Amendment claims is indeed barred by the doctrine of *Stone v. Powell* and that the decision of the Michigan Court of Appeals rejecting petitioner's claims of ineffective assistance of counsel was eminently reasonable. I therefore recommend that the petition be denied on its merits.

## Proposed Findings of Fact

    Because of the limited grounds for relief asserted in the petition, an extensive review of the trial record is not necessary. Recitation of the following underlying facts and state-court proceedings will suffice to resolve the habeas corpus issues before this court.

## A. Trial Court Proceedings

The state court prosecution arose from an undercover drug investigation conducted by the St. Clair County Sheriff's Department. The investigation, which began in January of 2007, focused on two men with the street names "Dre" and "Tyson." As a result of the investigation, Deputy Randall Gobeyn applied for a search warrant for 2913 Golden Crest, Apt. 150, in Port Huron, Michigan. The application also sought permission to search Dre (described as a black male approximately 28 years old) and Tyson (described as a black male approximately 30 years old). The applications sought permission to seize controlled substances and drug records. The application recited that during the months of January and February, confidential informants had made a number of controlled buys under the supervision of the drug task force from both Dre and Tyson. The application indicated that after the confidential informant arranged the drug buys, officers observed both Dre and Tyson leaving the premises to be searched and then proceed directly to the prearranged location, at which the informant purchased cocaine from them. On the basis of this application, on February 12, 2007, a state-court magistrate issued the requested search warrant. (The application and warrant are contained in the Michigan Supreme Court record, docket # 15.)

On the day the search warrant was to be executed, officers arranged for two more controlled purchases by a confidential informant. One of the controlled purchases involved petitioner only and was independently observed by an officer. While officers were surveiling the apartment preparatory to execution of the search warrant, they saw a black male leave the apartment in a vehicle. Officers followed him to a 7-11 store. At that point, Deputy Matthew King was able to identify the man as the person identified in the search warrant application as "Tyson." Officers followed petitioner to a party store three or four blocks away from the 7-11. After petitioner entered

-3-

the store, deputies followed and arrested him. During the search incident to arrest, officers found a large quantity of crack cocaine and methamphetamine on his person.[1]

Petitioner was tried before a jury in the St. Clair County Circuit Court on June 19 and 20, 2007. (Trial Transcripts, docket #s 11, 12). The jury found petitioner guilty as charged of possessing methamphetamine with intent to deliver and possessing cocaine with intent to deliver. (Tr. at 339-40). On August 6, 2007, petitioner and counsel appeared for sentencing. (Sentencing Transcript, docket # 13). The presentence report noted that petitioner was a fourth habitual felony offender under state law. After hearing allocution from all parties, Circuit Judge Daniel J. Kelly sentenced petitioner to concurrent sentences of 6-to-20 years on each count.

Petitioner appealed as of right to the Michigan Court of Appeals and was granted appointed appellate counsel. Appellate counsel filed a motion in the trial court for a new trial, arguing that the evidence against petitioner was the fruit of an unlawful search and seizure and that trial counsel was ineffective for failure to challenge the search. On May 8, 2008, Judge Kelly issued an opinion and order denying the motion for new trial, finding that police lawfully seized petitioner, because they had probable cause to do so independent of the allegedly defective search warrant. The court determined that it was unnecessary to determine the validity of the search warrant, because petitioner was lawfully arrested on the basis of probable cause. The court noted that "at least one officer had actually witnessed what he believed to be the exchange of controlled substances for money." (Op., 2). (The trial court's opinion and order is found in the Michigan Supreme Court record, docket # 15). "Because there is probable cause to believe that defendant had committed a

---

[1] The facts recited above were obtained from the appellate brief filed by petitioner's counsel in the Michigan Court of Appeals. (Brief on Appeal at 1-2, found in Michigan Court of Appeals record, docket # 14).

crime, it was not unreasonable for police to arrest him." (Op., 3). Once defendant was arrested, he

was subject to search incident to the arrest. "In this case, defendant was constitutionally arrested and

searched, consequently there is no basis for excluding the evidence against him." (*Id.*). As the

evidence against petitioner was properly admitted, trial counsel's failure to challenge the search and

seizure was neither unreasonable nor prejudicial under the standard of *Strickland v. Washington*, 466

U.S. 668 (1984). (Op. at 3).

**B.    Appellate Proceedings**

Petitioner, acting through appellate counsel, appealed as of right to the Michigan

Court of Appeals. His appellate brief raised a single ground for relief:

I.    THE TRIAL JUDGE ABUSED HIS DISCRETION BY DENYING MR.
RAY'S MOTION FOR NEW TRIAL WHICH WAS BASED ON AN
INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM ARISING OUT OF
TRIAL COUNSEL'S FAILURE TO MOVE TO SUPPRESS THE
CONTROLLED SUBSTANCES ON WHICH THE PROSECUTION WAS
BASED, WITHOUT CONDUCTING AN EVIDENTIARY HEARING.

(Brief on Appeal, Table of Contents, found in Michigan Court of Appeals record, docket # 14).

By unpublished, *per curiam* opinion issued December 11, 2008, the Michigan Court

of Appeals rejected petitioner's appellate contention and affirmed his conviction. *People v. Ray*, No.

280730, 2008 WL 5195609 (Mich. Ct. App. Dec. 11, 2008). The appellate court summarized

petitioner's claim as follows:

Defendant argues that the trial court erred by refusing to grant him a new trial
on the ground that counsel was ineffective for failing to move for suppression of the
evidence found on defendant after his arrest. Defendant maintains that the officers
were not authorized to detain or arrest him pursuant to the search warrant for the
apartment where he was allegedly involved selling narcotics. He contends that, even
though he was named in the warrant for the apartment, this did not provide sufficient
probable cause for his arrest.

(*People v. Ray*, 2008 WL 5195609, at * 1).  The appellate court essentially adopted the trial court's reasoning.  The court found that there was "independent probable cause for the police to arrest defendant," regardless of the validity of the search warrant:

> In the instant case, the record indicates that there was independent probable cause for the police to arrest defendant.  An officer involved in the investigation of narcotic sales at the home testified that he had arranged two controlled purchases from defendant shortly before the officers executed the search warrant, and had personally witnessed at least one purchase.  In addition, defendant was observed leaving the home shortly before the search warrant was executed.  Additional testimony about defendant's furtive behavior as an officer followed him also supported a finding that the officers had probable cause to believe that defendant was involved in narcotics trafficking at the time of his arrest.  Because probable cause existed to arrest defendant, the evidence obtained from the subsequent search incident to arrest was properly admissible.

(*Id.*).  On this basis, the court found no ineffective assistance of counsel, as counsel was not ineffective for failing to raise a meritless or futile objection.  (*Id.*).

Appellate counsel applied for leave to appeal to the Michigan Supreme Court, raising the same claim.  By standard order entered April 28, 2009, the state Supreme Court denied leave to appeal.  *People v. Ray*, 764 N.W.2d 227 (Mich. 2009).

This habeas corpus action followed.  The *pro se* petition asserts four grounds for relief -- two Fourth Amendment claims and two claims of ineffective assistance of counsel.  Petitioner has essentially subdivided the single claim raised in the state courts into four separate questions.

## **Applicable Standard**

Because petitioner filed his habeas application long after the April 1996 enactment of the Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 ("AEDPA"), the provisions of that law govern the scope of the court's review.  *See Penry v. Johnson*, 532 U.S.

782, 792 (2001). AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). AEDPA "dictates a highly deferential standard for evaluating state-court rulings which demands the state court decisions be given the benefit of the doubt." *Bell v. Cone*, 543 U.S. 447, 455 (2005) (citations omitted); *see Hardy v. Cross*, 132 S. Ct. 490, 491 (2011) (*per curiam*); *Felkner v. Jackson*, 131 S. Ct. 1305, 1307 (2011) (*per curiam*); *Renrico v. Lett*, 559 U.S. 766, 773 (2010). "AEDPA requires heightened respect for state court factual and legal determinations." *Lundgren v. Mitchell*, 440 F.3d 754, 762 (6th Cir. 2006). If a state court adjudicated the claim, deferential AEDPA standards must be applied. 28 U.S.C. § 2254(d); *see Premo v. Moore*, 131 S. Ct. 733, 739 (2011); *Waddington v. Sarausad*, 555 U.S. 179, 190 (2009); *Holder v. Palmer*, 588 F.3d 328, 341 (6th Cir. 2009) (("[A]ny claim that was adjudicated on the merits in State court proceedings' is subject to AEDPA deference.") (quoting 28 U.S.C. § 2254(d)).

AEDPA prevents federal habeas "retrials" and ensures that state court convictions are given effect to the extent possible under law. *Bell v. Cone*, 535 U.S. at 693-94. It prohibits "using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." *Parker v. Matthews*, 132 S. Ct. 2148, 2149 (2012) (*per curiam*). The AEDPA standard is difficult to meet "because it was meant to be." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011); *see Metrish v. Lancaster*, 133 S. Ct. 1781, 1786-87 (2013); *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011). "Section 2254(d) reflects the that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error corrections through appeal." *Harrington*, 131 S. Ct. at 786. Section 2254(d) states that an application for a writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication "(1)

resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see Metrish v. Lancaster*, 133 S. Ct. at 1786-87; *Berghuis v. Thompkins*, 560 U.S. 370, 380 (2010).

## Discussion

### I.   Fourth Amendment Claims

Petitioner asserts two closely related Fourth Amendment claims.  Ground A of the petition asserts that petitioner was unlawfully arrested.  He asserts that he was arrested pursuant to a constitutionally defective search warrant at a party store (not the place identified in the search warrant).  Ground C of the petition again asserts that the search warrant was defective and that the fruits of the search of petitioner's person should therefore have been suppressed.  Petitioner did not directly raise any Fourth Amendment claims on appeal in the state courts, but resolution of these Fourth Amendment issues was necessary in order to reach petitioner's claims that counsel was ineffective for failure to raise these issues.  The Michigan Court of Appeals actually decided these issues, rejecting them as meritless.

It is not, however, necessary for this court to reach the merits of petitioner's Fourth Amendment claims, because habeas review is barred by the doctrine of *Stone v. Powell*, 428 U.S. 465 (1976).  In *Stone v. Powell*, the Supreme Court held that federal habeas review is not available to a state prisoner alleging that his conviction rests on evidence obtained through an unconstitutional search or seizure, as long as the state has given the petitioner a full and fair opportunity to litigate

the Fourth Amendment claim. *Id.* at 481-82. In order for the rule of *Stone v. Powell* to apply, the state must have provided, in the abstract, a mechanism by which to raise the Fourth Amendment claim, and the presentation of the claim in the case before the court must not have been frustrated by failure of that mechanism. *See Gilbert v. Parke*, 763 F.2d 821, 823 (6th Cir. 1985). If these two inquiries are satisfied, federal habeas review of the Fourth Amendment claim is precluded, even if the federal court deems the state-court determination of the claim to have been in error. *Id.* at 824; *accord Jennings v. Rees*, 800 F.2d 72, 76 (6th Cir. 1986); *Markham v. Smith*, 10 F. App'x 323, 326-27 (6th Cir. 2001).

In the present case, petitioner cannot satisfy either prong of the *Stone v. Powell* standard. First, it is beyond dispute that Michigan has a state procedural mechanism that presents a defendant a full opportunity to raise a Fourth Amendment claim before trial. Even before the United States Supreme Court decided that the federal exclusionary rule applied to state criminal proceedings, the Michigan courts applied the exclusionary rule to the fruits of unconstitutional searches and seizures. *See People v. Margelis*, 186 N.W. 488 (Mich. 1922). After *Mapp v. Ohio*, 367 U.S. 643 (1961), the Michigan courts consistently have acknowledged their duty, under both the federal and state constitutions, to suppress evidence seized in violation of the Fourth Amendment. *See, e.g., People v. David*, 326 N.W.2d 485, 488 (Mich. Ct. App. 1982). Consequently, Michigan affords criminal defendants a vehicle by which to raise Fourth Amendment challenges. *See Good v. Berghuis*, 729 F.3d 636, 639-40 (6th Cir. 2013); *Rashad v. Lafler*, 675 F.3d 564, 570 (6th Cir. 2012).

Second, to satisfy the remaining prong of *Stone v. Powell*, petitioner must allege facts showing that the state corrective mechanism has somehow broken down. *See, e.g., Agee v. White*,

809 F.2d 1487, 1490 (11th Cir. 1987) (habeas review not barred when state appellate court completely ignored Fourth Amendment claim). The Sixth Circuit pointedly has held that the doctrine of *Stone v. Powell* applies, even if the federal court deems the state-court determination of the Fourth Amendment claim to have been in "egregious error." *Gilbert v. Parke*, 763 F.2d at 824 (citing *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982)). The mere fact that the state courts did not hold an evidentiary hearing is not dispositive. *See Good v. Berghuis*, 729 F.3d at 639-40. Petitioner has not alleged any facts showing that the state's mechanism has broken down. Rather, it is clear that the Michigan courts gave petitioner's Fourth Amendment claim full and proper consideration in their review of his claim of ineffective assistance of counsel. The trial court considered petitioner's claim on the merits and rejected it on the basis of the trial testimony and governing law. The Michigan Court of Appeals reviewed petitioner's claim on direct appeal and concluded that his Fourth Amendment rights were not violated. Petitioner applied for leave to appeal to the Michigan Supreme Court, which denied his application. Therefore, even if this court were to disagree with the determination of the Michigan courts, that disagreement would be insufficient to satisfy the second prong of the Sixth Circuit standard. *Gilbert*, 763 F.2d at 824. Because petitioner has failed to demonstrate either prong of *Stone v. Powell*, his claims are barred on habeas review.

## II.     Ineffective Assistance of Counsel

### A.     Standards

Petitioner's second and fourth habeas corpus claims are essentially duplicative. In ground B of the petition, petitioner faults his trial counsel for failing to secure an evidentiary hearing to test the truth of the affidavits supporting the allegedly defective search warrant. In ground D of

the petition, he asserts that trial counsel was ineffective for failure to seek suppression of the "fruit of the poisonous tree," *i.e.*, the crack cocaine and methamphetamine found on his person. Both the trial court and the Michigan Court of Appeals rejected these arguments, on the ground that the validity of the search warrant was irrelevant. Petitioner was properly arrested on the basis of probable cause, and the drugs on his person were found pursuant to a legal search incident to arrest. These findings easily withstand scrutiny on habeas corpus review.

The Michigan Court of Appeals decided petitioner's Sixth Amendment claims on their merits, applying the federal standard adopted by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). On the prejudice prong, the court focuses on "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). "[T]he defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Because the Court of Appeals decided petitioner's claims of ineffective assistance of counsel on their merits, its decision must be afforded deference under AEDPA. *See Burt v. Titlow*, 134 S. Ct. 10, 15-16 (2013); *Harrington v. Richter*, 131 S. Ct. at 784. To receive habeas relief, petitioner must demonstrate that the state court's decision was contrary to, or represented an unreasonable application of, *Strickland v. Washington*. *See Bell v. Cone*, 535 U.S. 685, 698-99 (2002). Hence, it is not enough to convince the federal habeas court that, in its independent judgment, the state-court decision applied *Strickland* incorrectly. Rather, petitioner must show that the state court "applied Strickland to the facts of his case in an objectively unreasonable manner." *Bell*, 535 U.S. at 699; *see Campbell v. Bradshaw*, 674 F.3d 578, 586-87 (6th Cir. 2012). This creates a "high burden" for petitioner. *See Carter v. Mitchell*, 443 F.3d 517, 525 (6th Cir. 2006); *see also Hodges v. Colson*, 727 F.3d 517, 534 (2013). "[B]ecause the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). Supreme Court decisions describe this as "the doubly deferential judicial review that applies to a *Strickland* claim evaluated under the § 2254(d)(1) standard." *Knowles*, 556 U.S. at 123; *see Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003) (*per curiam*). The question before the habeas court is "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Premo v. Moore*, 131 S. Ct. 733, 740 (2011); *see Ballinger v. Prelesnik*, 709 F.3d 558, 563 (6th Cir. 2013).

B.    Analysis

The state courts were clearly correct in rejecting petitioner's underlying Fourth Amendment challenge to the legality of the search of his person and therefore correctly concluded

that counsel was not ineffective in failing to challenge the validity of the search warrant or the validity of the search of petitioner's person. Petitioner has pointed to no error of either fact or law underlying the state courts' analysis and rejection of his Fourth Amendment claims. The trial judge, who heard the evidence, found as a fact that at least one officer had actually witnessed petitioner engage in the sale of controlled substances to the confidential informant. (Op. at 2). The trial judge cited to the transcript, which reflected the testimony of Deputy James Spadafore. Deputy Spadafore was assigned to observe the location at which the confidential informant and petitioner had agreed to meet for purposes of consummating a drug transaction. (Tr., 223). The deputy identified petitioner as one of the men who arrived at the scene and described for the court the details of the narcotics transaction that he observed. (*Id.*, 224-25). Immediately thereafter, the deputy met with the confidential informant, who turned over to him a substance that field tested positive for crack cocaine. (*Id.*, 225). This drug transaction took place the same day that petitioner was arrested. Clearly, the officer had probable cause to effect an arrest on the basis of his own observations and the information provided by the confidential informant. An officer has authority to arrest a person without a warrant when the officer has probable cause to believe that that person has committed an offense in the officer's presence. *See Virginia v. Moore*, 553 U.S. 164, 178 (2008). As the officers had probable cause to effectuate a warrantless arrest, the Fourth Amendment allowed a complete search of petitioner's person incident to the arrest. *See United States v. Robinson*, 414 U.S. 218, 235 (1973). The state courts applied these well settled Fourth Amendment principles in rejecting petitioner's Fourth Amendment claims and in finding that counsel could not be deemed ineffective for failing to raise a meritless challenge to the search of petitioner's person.

The decision of the Michigan Court of Appeals easily withstands scrutiny under AEDPA. The Court of Appeals relied on the factual findings of the trial judge, which were amply supported by the record. The appellate court applied black letter Fourth Amendment principles in determining that no arrest warrant was required to seize petitioner and no search warrant was required to search his person incident to the valid arrest. The validity of the search warrant procured earlier in the day was simply irrelevant in the circumstances of this case. Trial counsel can therefore not be deemed ineffective for failing to challenge the validity of the irrelevant search warrant, nor can he be faulted for failing to seek suppression of the drugs found on petitioner's person. The decision of the Michigan Court of Appeals withstands even *de novo* review. *A fortiori*, the state court decision must be upheld under the doubly deferential standard dictated by AEDPA.

## Recommended Disposition

Petitioner has not established any ground for habeas corpus relief. I therefore recommend that the petition be denied on its merits.


Dated:   February 28, 2014                     /s/  Joseph G. Scoville_____
                                                         United States Magistrate Judge


## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).